UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GASPER V. DRAKE,

    Plaintiff,

vs.

Correctional Officer J. BERG,
Correctional Officer S. LAMPHRE,
Correctional Lieutenant S. REPPOND,
Warden R. HOREL, and Associate
Warden COOK,

    Defendants.

No. C 07-3844 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.**   **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

**B.     Legal Claims**

Plaintiff alleges that defendant Berg shot him three times with nonlethal projectiles in the course of trying to break up a fight. One of the shots hit him in the left eye. He contends that no weapon was involved, and that the shot was not necessary to restore or maintain order, so the force was excessive. To succeed on a claim for excessive force that was imposed in an effort to restore order, such as plaintiff appears to be alleging here, plaintiff must show at that the defendant acted maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Thus, to state a claim plaintiff must provide facts about the fight and the situation that make it plausible, taking the allegations to be true, that Berg's shots were fired maliciously and sadistically with the very intention of causing harm. The claim against her will be dismissed with leave to amend.

As to defendant Lamphre, the only allegation is that he wrote a false rule violation report against plaintiff about the incident in attempt to cover up the use of excessive force. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of a rules violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to

state a claim under § 1983.  *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Plaintiff has failed to state a claim against Lamphre.

The claims against the other defendants, Reppond, Horel and Cook, appear to be respondeat superior claims; that is, plaintiff seeks to hold them responsible solely because they are Berg's superior officers.  However, respondeat superior claims are not actionable in section 1983 cases such as this one.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Generally, supervisors can be held liable only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

The complaint will be dismissed with leave to amend to remedy the deficiencies identified above, if plaintiff can do so in good faith.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 1, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\DRAKE3844.DWL.wpd

3