UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GASPER V. DRAKE,

           Plaintiff,

vs.

Correctional Officer J. BERG,
Correctional Officer S. LAMPHRE,
Correctional Lieutenant S. REPPOND,
Warden R. HOREL, and Associate
Warden COOK,

           Defendants.

No. C 07-3844 PJH (PR)

**ORDER OF SERVICE**

      This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended.

## DISCUSSION

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

**B.   Legal Claims**

Plaintiff alleges that he was attacked by two prisoners. As he was defending himself from the attackers, defendant Berg, a correctional officer, shot him with "a projectile from a 40mm launcher." It hit him in the left eye.

To succeed on a claim for excessive force that was imposed in an effort to restore order, such as plaintiff appears to be alleging here, a prisoner plaintiff must show at that the defendant acted maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff alleges that Berg did not give a "get down" order, nor did she attempt any less serious methods of breaking up the fight. He alleges that Berg had been trained to avoid shooting near a prisoner's face, because of the danger of serious injury or death, and if possible to "skip" the projectile off a floor or wall rather than aiming directly at a prisoner's body. This is sufficient to state a claim as to Berg.

Plaintiff contends that Lamphere also fired a shot, after plaintiff had been shot by Berg and had fallen to the ground. He was being kicked by his attackers when Lamphere shot him in the lower back. Again, he claims there was no warning and that the guard had been trained not to fire directly at an inmate. This is sufficient to state a claim as to Lamphere.

Plaintiff has not included allegations against defendants Reppond, Horel,and Cook, nor listed them in the amended complaint as defendants, so they will be dismissed from the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). (defendants not named

in an amended complaint are no longer defendants).

## CONCLUSION

1. Plaintiff's claims against defendants Reppond, Horel, and Cook are **DISMISSED** with prejudice.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this order, upon the following defendants: Correctional Officer J. Berg and Correctional Officer S. Lamphere.  Plaintiff states that these defendants can be found at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. Defendants shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    c. If Defendants wish to file a reply brief, they shall do so no later than fifteen days after service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

///

4. All communications by plaintiff with the court must be served on deendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  January 23, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\DRAKE3844.SERVE.wpd

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.