UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GASPER V. DRAKE,

    Plaintiff,

vs.

Correctional Officer J. BERG,
Correctional Officer S. LAMPHERE,
Correctional Lieutenant S. REPPOND,
Warden R. HOREL, and Associate
Warden COOK,

    Defendants.

No. C 07-3844 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANTS' MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that as he was defending himself from two attackers, defendants Berg and Lamphere unnecessarily shot him with nonlethal projectiles. Plaintiff's claims against the other defendants have been dismissed.

    Plaintiff has moved for appointment of counsel. Berg and Lamphere have moved to dismiss on grounds plaintiff did not exhaust administrative remedies before filing suit. Plaintiff has opposed the motion to dismiss and defendants have replied. For the reasons discussed below, plaintiff's motions for counsel will be denied and the motion to dismiss will be granted.

## DISCUSSION

### A. Motions for "Appointment" of Counsel

    Plaintiff has filed two motions for appointment of counsel.

    There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel

represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has adequately articulated his claims, and his opposition to the motion to dismiss, which necessarily is mostly factual, is adequate to present his arguments. The motions for appointment of counsel will be denied.

**B. Motion to Dismiss**

**1. Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those

2

individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**2. Analysis**

The complaint in this case was stamped "received" by the court's clerk on July 25, 2007, and was stamped "filed" and entered on the docket on July 26, 2007. The third formal level response to plaintiff's administrative appeal is dated July 25, 2007, and plaintiff does not argue that exhaustion should be treated as having been completed any earlier than that. Plaintiff does not dispute that the complaint was mailed on July 23, 2007, as shown by the postmark on the envelope it was sent in. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule).

The "prison mailbox rule" was first applied to notices of appeal. A pro se prisoner's notice of appeal is deemed filed on the date of its submission to prison authorities for

3

mailing to the court, as opposed to the date of its receipt by the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). This "mailbox rule" rule is premised on policy concerns surrounding the pro se prisoner's lack of control over delays between prison authorities's receipt of the notice and its formal filing by the district court. *See id.* at 273-76. The mailbox rule since has been held to apply to many other papers filed by prisoners, including section 1983 civil rights complaints like the one here. *Douglas*, 567 F.3d at 1107. The question is whether it should be applied here, where it disadvantages the prisoner.

One of the purposes of the exhaustion requirement is to give the institution a chance to remedy justified inmate grievances without the necessity of court action. *See Jones v. Bock*, 127 S. Ct. 910, 923 (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem ... .")). This purpose cannot be fulfilled if the prisoner is allowed to mail a complaint to the court before he or she receives the result of the grievance. And the Ninth Circuit has held in *Vaden v. Summerhill*, 449 F3d 1047 (9th Cir. 2006), that when a prisoner does "not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice." *Id.* at 1051 (not mentioning mailbox rule, which was unnecessary to the decision). The court concludes that the mailbox rule does apply here, and that because plaintiff mailed his complaint before completing exhaustion, the case must be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available administrative remedies before filing suit, even if prisoner fully exhausts while suit is pending).

## CONCLUSION

Plaintiff's motions for appointment of counsel (documents 12 & 17 on the docket) are **DENIED**. The motion to dismiss (document number 27 on the docket) is **GRANTED**. The complaint is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 1/26/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\DRAKE3844.DSM.wpd

4